IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

MICHAEL FRISCHENMEYER,            )
                                  )
            Plaintiff,            )
                                  )
      v.                          )          Case No. 10-1430-WEB
                                  )
ROGER WERHOLTZ, Secretary of Corrections,  )
ROBERT HINSHAW, Sedgwick County Kansas     )
Sheriff, UNKNOWN EIGHTEENTH JUDICIAL       )
DISTRICT COURT JUDGE, BERNIE               )
LUMBREAS, Eighteenth District Court Clerk, )
LARRY LEFLORE, Chairman, Classifications   )
and Records, RUDY PIERCE, Program Specialist )
1, Warrants Section, THREE UNKNOWN         )
SEDGWICK COUNTY SHERIFF'S DEPUTIES,        )
                                  )
            Defendants.           )
_____ )

Memorandum and Order

Plaintiff Michael Frischenmeyer filed a complaint against numerous individuals, two of

whom reside in the State of Texas.  There are a number of Motions to Dismiss filed by the

Defendants, and Frischenmeyer has filed a Motion for Summary Judgment. The briefings by the

parties are complete, and the Court is prepared to rule.

I. <u>Complaint</u>

Frischenmeyer alleges the following facts in his complaint:  Frischennmeyer was

incarcerated in Texas from August, 1994 until May, 2006.  The State of Kansas filed a detainer

on Frischenmeyer.  Frischenmeyer was released from prison to a half-way house, then

transported back to Kansas based on the active warrant / detainer.  Frischenmeyer was sentenced

in Kansas, and served time until June, 2007.  Frischenmeyer moved to Wichita, Kansas, started

a job, obtained an apartment, a vehicle, and credit cards.  On or about October 30, 2008,

Frischenmeyer was arrested on a warrant out of Texas for a parole violation.

Frischenmeyer alleges an unknown Eighteenth Judicial District Court Judge from Sedgwick County and the Eighteenth Judicial Court Clerk violated his rights when he was denied an extradition hearing pursuant to K.S.A. § 22-2710.  Frischenmeyer alleges Roger Werholtz, Kansas Secretary of Corrections, violated his rights when he was not told that he was on parole out of the State of Texas when he was released from his Kansas sentence. Frischenmeyer alleges Robert Hinshaw and unknown Sheriff Deputies violated his rights when he was arrested, as the officers made insulting comments, and while he was in jail, he was denied his medications, food, and personal hygiene supplies.  Frischenmeyer alleges Rudy Pierce, an employee with the State of Texas, violated his rights when he filed the false and malicious documents regarding his parole violation with the State of Kansas.  Finally, Frischenmeyer alleges Larry LeFlore, Chairman, Classifications and Records; Paul Wilder, State Classifications Committee; Judy Mancil[1], Program Specialist 1, Classification and Records; and the Texas Board of Pardons and Parole[2], violated his rights when he was transported to a drug and alcohol treatment facility for 180 days instead of allowing him to return to Kansas, and denied him "good time credits."

Frischenmeyer requests the following relief: (1) judgment in the amount of lost wages, including payments to social security and taxes that would have been paid if Frischenmeyer had been employed, calculated from the date of arrest until the date of retirement from employer or

---

[1]The spelling of "Mancil" was spelled "Moncil" in Judge Belot's case, but Mancil in this case.

[2]The Court notes that although Frischenmeyer named Pierce, LeFlore, Wilder, Mancil and the Texas Board of Pardons and Parole in the Complaint, only LeFlore and Pierce were served with a copy of the Complaint.

the age of 75; (2) the full value of the vehicle that he lost, including interest and insurance payments; (3) replacement cost of his lost household goods in the amount of $25,000.00; (4) letters to all three credit reporting agencies explaining what the defendants had done to petitioner and the reasons his credit has been destroyed; (5) a temporary restraining order prohibiting any of the defendants or their agencies from acting on any remaining parole or probation; (6) judgment in the amount of $10,000.00 per day for every day he was incarcerated unlawfully, and a notarized letter from Texas officials that it was never reported that he was on drugs or alcohol; (7) a letter from all the defendants to Frischenmeyer's family explaining the violation of his rights, and  $10,000.00 to each family member from each defendant for their pain and suffering and embarrassment; and (8) a court order that the Texas defendants provide the court with any documents they have used in the past 20 years in which they have committed these exact violations of civil and constitutional rights.

II.  Prior Case

      The Court also notes that there was a similar Complaint filed in 2007, case number 07-1206-MLB.  In Judge Belot's case, Frischenmeyer named Gary Steed, Sedgwick County Sheriff, Larry LeFlore, Paul Wilder, Judy Mancil, and numerous others in an action alleging a violation of rights under 42 U.S.C. § 1983.  The Magistrate Judge recommended the claims against all defendants except three be dismissed pursuant to 28 U.S.C. § 1915(e).  The claims against the three remaining defendants were dismissed following the filing of a Motion to Dismiss or a Motion for Summary Judgment.  Some of the same defendants are named in the case at hand. The facts alleged in this case are similar to the facts in the previous case.   Judge Belot's ruling will be discussed and applied when applicable.

III. <u>Discussion</u>

a. <u>Frischenmeyer's Motion for Summary Judgment (Doc. 17)</u>

      Frischenmeyer filed a Motion for Summary Judgment, arguing summary judgment is appropriate against the Texas Board of Pardon and Parole, the Texas Department of Criminal Justice, Larry LeFlore, Paul Wilder, Judy Mancil, and Rudy Pierce as they have neither answered the original complaint nor have they sought an extension of time to respond. Frischenmeyer requests relief as set out in his complaint.  Defendants LeFlore and Pierce filed a response, in which they argue that their late response was approved by the court and judgment should not be granted based on the delay in filing the motion to dismiss.  The Defendants also ask the court to  consider the arguments made in their Motion to Dismiss (Doc. 49) in denying Frischenmeyer's Motion for Summary Judgment.

      A review of the complaint does not show that Frischenmeyer named the Texas Department of Criminal Justice in the complaint.  There is also no evidence that Texas Board of Pardon and Parole, the Texas Department of Criminal Justice, Paul Wilder, or Judy Mancil were served with process of summons.  Before the Court can exercise jurisdiction over a defendant, the procedural requirement of service of process must be satisfied.  <u>Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.</u>, 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987).  Since Frischenmeyer is a pro se plaintiff, normally, the court would allow time for the filing of an amended complaint.  However, as discussed throughout this Order, allowing Frischenmeyer to amend would not result in a favorable outcome for Frischenmeyer as a review of the claims show that even if the parties were served, or were added as parties,  Frischenmeyer would not be able to state a claim against the Texas Board of Pardon and Parole, the Texas Department of

Justice, Paul Wilder, or Judy Mancil to survive a motion to dismiss.

Furthermore, it is imperative that the Court discuss the case previously filed against LeFlore, Wilder, and Mancil.  In recommending that the case be dismissed, Judge Bostwick found that "[E]ven assuming these Defendants were responsible for an alleged error regarding Plaintiff's detainer, this provides no factual support of their involvement in any alleged conspiracy to destroy or fabricate legal material."  (Doc. 6).  Judge Bostwick recommended dismissal of the claims against the defendants, and Judge Belot adopted the recommendation. The claims advanced by Frischenmeyer in this case also contain no tangible evidence in support of the allegations that the Texas Board of Parole or the Texas Department of Criminal Justice acted in such a manner to deprive Frischenmeyer of his constitutional rights.  For that reason, the Court will not allow Frischenmeyer additional time to amend his complaint or additional time to serve the remaining parties.

Frischenmeyer requests summary judgment against Larry LeFlore and Paul Wilder, as they have failed to respond to the Complaint.  Summary judgment is not appropriate.  The filing of a motion under Federal Rule Civil Procedure 12 alters the time to file an answer.  If the court denies the motion, the defendant has 14 days after notice of the court's denial in which to file a response or answer.  Fed.R.Civ.P. 12(a)(4)(A).  In the case at hand, Defendants have filed a Motion to Dismiss arguing that the Court lacks personal jurisdiction over the defendants, the claims are barred by the statute of limitations, and the defendants are entitled to qualified immunity, defenses under Fed.R.Civ.P. 12(b)(2) and (6).   The Court has not ruled on the Defendants' motion.  Defendant's time to respond has not expired.  Frischenmeyer's Motion for Summary Judgment (Doc. 17) is denied.

b. <u>Defendant LeFlore and Pierce's Motion to Dismiss (Doc. 49)</u>

Defendants LeFlore and Pierce, Texas residents, ask the court for dismissal under Rule 12(b)(2) and 12(b)(6). Defendants argue that the court lacks personal jurisdiction as the defendants did not have minimum contacts with the State of Kansas and asserting personal jurisdiction over the defendants would violate the traditional notions of fair play and substantial justice. Defendants also argue that Frischenmeyer's claims are barred by the statute of limitations and also by <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Finally, defendants argue that they are entitled to qualified immunity.

Frischenmeyer argues that this court does have jurisdiction over the defendants, and the defendants only want the case filed in the State of Texas where they have more control over the case. Frischenmeyer argues that the defendants purposefully directed activities toward Kansas when they cancelled the Kansas detainer in error, erroneously paroled him to mandatory supervision, and filed the documents for a warrant. Frischenmeyer argues that the actions of the defendants occurred up to and including May 20, 2009, therefore the statute of limitations would not expire until June 20, 2011. Frischenmeyer argues the defendants are not entitled to qualified immunity, as they are not elected officials, nor are they public officials that respond or answer to the public.[3]

The plaintiff bears the burden of establishing personal jurisdiction over the defendant. <u>Dudnikov v. Chalk & Vermillion Fine Arts, Inc.</u>, 514 F.3d 1063, 1069-70 (10th Cir. 2008). When personal jurisdiction is "decided at a preliminary stage by reference to only the complaint

---

[3]Frischenmeyer also argues that the defendants are guilty of misdemeanor crimes in violation of K.S.A. 22-2711. Defendants were never in the State of Kansas, and cannot be prosecuted under Kansas Statutes for alleged crimes that occurred in another state.

and affidavits, the plaintiff need only make a prima facie showing of personal jurisdiction." Id. The plaintiff can meet the burden by showing facts that if true would support jurisdiction over the defendant. TH Agric. & Nutrition, L.L.C. v. Ace European Grp. Ltd., 488 F.3d 1282, 1286 (10th Cir. 2007). If plaintiff meets the burden, the defendant must then show that the "presence of some other considerations would render jurisdiction unreasonable." Thermal Components Co. V. Griffith, 98 F.Supp.2d 1224, 1227 (D.Kan. 2000). The facts as alleged by plaintiff are accepted as true, and any factual disputes are resolved in favor of the plaintiff. Wenz v. Memery Crystal, 55 F.3d 1503, 1505 (10th Cir. 1995).

       "To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1159 (10th Cir. 2010). The Kansas Long Arm Statute is construed liberally so as to allow jurisdiction to the full extent permitted by due process. Volt Delta Resources, Inc. V. Devine, 241 Kan. 775, 740 P.2d 1089, 1092 (1987).

       The Court should consider whether the defendant has "such minimum contacts with the forum state that he should reasonably anticipate being haled into court there," which may be done by showing general or specific jurisdiction. Emp'rs Mut. Cas., 618 F.3d at 1159. Second, the court should consider whether "the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice." Id.

       General jurisdiction may be shown by "continuous and systematic" general business contacts with the forum state. Helicopteros Nacionales v. Hall, 466 U.S. 408, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Frischenmeyer has not alleged in his complaint that the

defendants engaged in "continuous and systematic" business contacts.  Frischenmeyer alleges the defendants directed activities in Kansas when they cancelled the Kansas detainer, and filed the documents for a warrant, activities specific to Frischenmeyer's criminal cases, not related to conducting busine§ in the state.  Frischenmeyer does not allege facts which constitute "continuous and systematic" contacts with the state.

Specific personal jurisdiction is satisfied when the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).  Frischenmeyer has to allege that defendants took some act that availed them to the privilege of conducting activities within Kansas.  Frischenmeyer has only alleged that the defendants canceled a detainer and filed a warrant, which does not satisfy the substantial and regular contact with the State of Kansas.  All relevant conduct occurred in the State of Texas.  Although the activities effected Frischenmeyer in the State of Kansas, Frischenmeyer has not shown that the defendants reached out to the State of Kansas.  The actions of the defendants would have effected Frischenmeyer in any state, not just the State of Kansas.

Even if Frischenmeyer could allege sufficient facts to show that minimum contacts existed, the Court would still need to decide whether the assertion of personal jurisdiction over the Texas defendants "comports with 'fair play and substantial justice.'"  Equifax Servs., Inc. v. Hitz, 905 F.2d 1355, 1359 (10th Cir. 1990), quoting Burger King, 471 U.S. at 476.   In evaluating fair play and substantial justice, the Court should weigh five factors: (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining

the most efficient resolution of controversies, and (5) the shared interest of the several states in

furthering fundamental social policies.  Emp'rs Mut. Cas., 618 F.3d at 1161.  "[T]he

reasonableness prong of the due process inquiry evokes a sliding scale; the weaker the plaintiff's

showing on [minimum contacts], the less a defendant need show in terms of unreasonableness to

defeat jurisdiction.  The reverse is equally true: an especially strong showing of reasonableness

may serve to fortify a borderline showing of [minimum contacts]."  OMI Holdings, Inc. v. Royal

Ins. Co. of Canada, 149 F.3d 1086, 1092 (10th Cir. 1998); quoting Ticketmaster-New York, Inc.

v. Alioto, 26 F.3d 201, 210 (1st Cir. 1994).  Because Plaintiff's showing on minimum contacts is

weak (or in this case, almost non-existent), Defendants need to show less in terms of

unreasonableness.

          The balance of the factors weighs in favor of the Defendants.  Defendants are employees

of the State of Texas, and defending this suit in Kansas would place a significant burden on

them.  The second factor is neutral, as both states have an interest in resolving disputes involving

a resident of their state.  Plaintiff has an interest in obtaining convenient and effective relief.

However, the relief requested by Frischenmeyer would require this Court to restrain the

Defendants from performing their job duties as authorized under the State of Texas.  Clearly, the

Texas Courts' interest in overseeing the function of court personnel outweighs Frischenmeyer's

interest in obtaining relief in the most convenient court.  Finally, the Court recognizes the

fundamental social policy that a citizen's rights should not be violated when they are arrested or

incarcerated.  However, the Court is unwilling to extend personal jurisdiction over Texas

defendants for alleged violation of civil rights when Frischenmeyer alleges only that Defendants

filed a warrant or cancelled a detainer.  Frischenmeyer has not alleged facts sufficient for this

court to find that Defendants completed any activity in the state of Kansas, nor have they

purposefully availed themselves of the privileges and benefits of Kansas law.  The factors of fair

play and substantial justice do not weigh in favor of this Court exercising personal jurisdiction

over the Defendants.   Defendants LeFlore and Pierce's Motion to Dismiss (Doc. 49) is granted.

c.  Judicial Defendants' Motion to Dismiss (Doc. 19)

Frischenmeyer named an "Unknown Eighteenth Judicial District Court Judge" in the

State of Kansas in his complaint, as well as Bernie Lumbreras, the Eighteenth District Court

Clerk.  The Judicial Defendants request dismissal as they are entitled to absolute immunity or

qualified immunity.  The Judicial Defendants also request dismissal pursuant to Rule 12(b)(6), as

Frischenmeyer failed to allege the deprivation of a constitutional right.  Frischenmeyer responds

that his constitutional rights were violated when he was incarcerated for 10 months without any

reason, and was not provided his constitutional right to an extradition hearing.  Frischenmeyer

also argues that the Judicial Defendants should not be entitled to qualified immunity as they have

committed misdemeanor crimes.  Frischenmeyer also complains that the name of the Judge has

not been disclosed.  Finally, Frischenmeyer argues that he has set forth a claim for constitutional

violations: his arrest, incarceration, the denial of an extradition hearing and the denial of the

appointment of an attorney.

Judges have absolute immunity for their "official adjudicative acts."  Lundahl v. Zimmer,

296 F.3d 939, 939 (10th Cir. 2002).  Absolute immunity also extends to judicial officers,

including court clerks.  Id.  There are two exceptions to absolute immunity; (1) actions taken

outside judicial capacity; and (2) actions taken without jurisdiction.  Stein v. Disciplinary Bd. of

Supreme Court of N.M., 520 F.3d 1183, 1195 (10th Cir. 2008).  Frischenmeyer alleges the court

10

clerk allowed false documents to be filed, and alleges the District Court Judge signed an

extradition authorization without allowing him to challenge the warrant or without providing him

legal counsel.  The claims against the unknown Judge and the Court Clerk stem from actions

undertaken as part of their judicial duties, and are covered by absolute immunity.  The Judicial

defendants Motion to Dismiss (Doc. 19) is granted.

d.  Defendant Werholtz's Motion to Dismiss (Doc. 14)

Werholtz argues that the claims are barred by Heck v. Humphrey, 512 U.S. 477, 114

S.Ct. 2364, 129 L.Ed.2d 383 (1994), since Frischenmeyer calls into question the revocation of

his parole in Texas.  Werholtz also argues that the claims are barred by the statute of limitations,

Frischenmeyer fails to state a claim upon which relief can be granted, and that Werholtz is

entitled to qualified immunity.  Frischenmeyer's argument concerning this Defendant is that

Werholtz had a responsibility to notify him of any outstanding parole or probation.

Frischenmeyer argues that Werholtz had a duty to investigate whether he had any outstanding

violations, and determine if an outstanding parole or probation sentence was valid.  Finally,

Frischenmeyer argues that Werholtz is not entitled to qualified immunity as his acts were not

discretionary and resulted in a constitutional violation.

Qualified immunity protects government officials performing discretionary functions

from individual liability under 42 U.S.C. § 1983 unless their conduct violates "clearly

established statutory or constitutional rights of which a reasonable person would have known."

Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).  The purpose

of qualified immunity is to avoid excessive disruption of governmental functions and to dispose

of frivolous claims in the early stages of litigation.  Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct.

2151, 150 L.Ed.2d 272 (2001), *overruled in part by* <u>Pearson v. Callahan</u>, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

When qualified immunity is raised in a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must determine whether the facts, as alleged by the plaintiff, set forth a constitutional violation. <u>Denver Justice & Peace Comm., Inc. v. City of Golden</u>, 405 F.3d 923, 928 (10th Cir. 2005). If so, the court must "determine whether the right allegedly violated has been 'clearly established in a more particularized, and hence more relevant sense: The contours of the right must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right.'" <u>Id.</u>, quoting <u>Saucier v. Katz</u>, 533 U.S. at 201. The burden is on the plaintiff to set forth the clearly established law.

Frischenmeyer alleges that Werholtz, as the Secretary of the Department of Corrections, had a duty to investigate his parole and probation status, and determine if the parole or probation was invalid. Frischenmeyer has not set forth a constitutional violation. An extensive search of relevant cases in this Circuit and other circuits has not discovered a case which supports Frischenmeyer's allegation that Werholtz's failure to investigate Frischenmeyer's parole status is a violation of a constitutional right. Without any case support, the alleged violations are not "sufficiently clear that a reasonable officer would understand that what he is doing violates that right." Frischenmeyer has not alleged facts which set forth a constitutional violation. Werholtz is entitled to qualified immunity, and Werholtz's Motion to Dismiss (Doc. 14) is granted.

e. <u>Defendant Hinshaw's Motion to Dismiss (Doc. 34)</u>

Hinshaw argues that the claims against him should be dismissed as he does not have vicarious liability for the alleged civil rights violations of Sheriff Office employees, the statute of

limitations has run, and the complaint is facially inadequate.  Frischenmeyer responded that since he was incarcerated in Texas until June, 2009, the statute of limitations was not expired when the suit was filed, he was incarcerated without reason in violation of his civil rights, and qualified immunity should not be extended to Hinshaw.

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991)).  Furthermore, "all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party."  Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).  Documents attached to the complaint are considered as part of the pleadings.  Tal v. Hogan, 453 F.3d 1244, 1264 n. 24 (10th cir. 2006).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must look for "plausibility in the complaint."  Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).  Under this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).  The possibility that plaintiff could prove some facts in support of the pleaded claims is insufficient; the court must believe the plaintiff has a reasonable likelihood of showing factual support for the claims.  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).  The plaintiff must "nudge his claims across the line from conceivable to plausible" in order to survive a motion to dismiss.  Bell Atlantic Corp. at 1974.

13

Supervisors may be liable for subordinate's violation of a citizen's constitutional right. The liability of a supervisor is predicated on the supervisor's deliberate indifference, not just negligence.  Langley v. Adams County, Colo., 987 F.2d 1473, 1481 (10th Cir. 1993). "Deliberate indifference" means the defendant must know he is "creating a substantial risk of bodily harm."  Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997), citing Billman v. Indiana Department of Corrections, et al., 56 F.3d 785, 788 (7th Cir. 1995).  The burden is on the plaintiff to establish an "affirmative link" between the violation of the constitutional right and the supervisor's "personal participation, his exercise of control or direction, or his failure to supervise."  Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988).   A supervisor can also be held responsible where there is a complete failure to train, or when training is inadequate.  Id. at 1528, citing Hays v. Jefferson County, 668 F.2d 869, 873-74 (6th Cir.), *cert denied*, 459 U.S. 833, 103 S.Ct. 75, 74 L.Ed.2d 73 (1982).  "The inadequacy of policy training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact."  City of Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).   "Section 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement of which 'subjects, or causes to be subjected' that plaintiff 'to the deprivation of any rights ... secured by the Constitution.'" Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010) quoting 42 U.S.C. § 1983.  The Dodds Court determined that in a § 1983 suit, the plaintiff must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with

14

the state of mind required to establish the alleged constitutional deprivation." Id.  Finally, the

Court stated that Iqbal did not alter the Supreme Court's § 1983 causation and personal

involvement analysis.  Id. at 1200.   A Sheriff in his official capacity cannot be held liable when

the officers did not commit a  constitutional violation.  Olsen v. Layton Hills Mall, 312 F.3d

1304, 1317-18 (10th Cir. 2002).

In his complaint, Frischenmeyer names Sheriff Hinshaw in the caption of the complaint,

and in the body of the complaint, includes "arresting deputies, jail commander, corrections

officers."  Frischenmeyer alleges he was subjected to insulting remarks from the arresting

officers, and while in the jail, he was forced to sleep on the floor, denied medications, food and

personal hygiene supplies.

Frischenmeyer has failed to state a claim against Sheriff Hinshaw or Sedgwick County

deputies.  Frischenmeyer makes only conclusory allegations against the Sheriff and the Sheriff's

department.  Frischenmeyer has not alleged sufficient facts to establish an affirmative link

between the alleged unconstitutional conduct and Sheriff's Hinshaw personal involvement.

Frischenmeyer has not set forth any facts to assist the Court in concluding that Sheriff Hinshaw

was aware of an alleged violation and acted with "deliberate indifference."  Finally,

Frischenmeyer has not set forth any facts that the Sheriff failed to train the deputies.  Without

facts to show Hinshaw's liability for the alleged violations, Frischenmeyer has failed to state a

claim under which relief can be granted.  Hinshaw's motion to dismiss (Doc. 34) is granted.

IV.  Conclusion

IT IS THEREFORE ORDERED, pursuant to the rulings set out in this Order, that

Frischenmeyer's Motion for Summary Judgment (Doc. 17) is denied;  Defendant LeFlore and

Pierce's Motion to Dismiss (Doc. 49) is granted; Judicial Defendant's Motion to Dismiss (Doc. 19) is granted; Defendant Werholtz's Motion to Dismiss (Doc. 14) is granted;  Defendant Hinshaw's Motion to Dismiss (Doc. 34) is granted.

      The Clerk of the Court is directed to enter judgment accordingly.

      IT IS SO ORDERED this 27th day of September, 2011.


                          __ s/ Wesley E. Brown_____
                          Wesley E. Brown
                          Senior United States District Judge